RP

**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Joshua DeRoche,

Plaintiff,

vs.

Michael Adu-Tutu, et al.,

Defendants.

No. CV 11-302-PHX-DGC (JRI)

**ORDER**

Plaintiff Joshua DeRoche, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 3), and a "Certified Statement Of Account" (Doc. 4). The Court will order Defendant Michael Adu-Tutu to answer the Complaint and will dismiss the remaining Defendants.

## I. Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a

TERMPSREF

separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III. Complaint**

Named as Defendants in the Complaint are: (1) Michael Adu-Tutu, Director of Inmate Health Services, Arizona Department of Corrections (ADOC); (2) Members of the Central Office Hepatitis C Committee, ADOC; and (3) ADOC.

Plaintiff's sole claim in the Complaint is that his Eighth Amendment rights are being violated by the authorization of a clinical practice policy that denies essential health care to Plaintiff and others suffering from Hepatitis C.

Plaintiff seeks Court-ordered Interferon treatment for his Hepatitis C.

**IV. Dismissal of Defendants**

**A. Members of the ADOC's Central Office Hepatitis C Committee**

Plaintiff attempts to sue members of ADOC's Central Office Hepatitis C Committee who denied his requests for treatment of his Hepatitis C. Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Ivey, 673 F.2d at 268.

In order to state a claim against an individual in a civil rights action, Plaintiff must identify a specific individual who violated Plaintiff's constitutional rights. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff's conclusory and vague allegations against the members of the ADOC's Central Office Hepatitis C Committee are not sufficient to link Plaintiff's injuries to any individual member or to identify any individual member with enough specificity to state a claim against any specific individual. Moreover, the use of anonymous type appellations to identify defendants is generally not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United

States Marshal or his designee to serve a summons and complaint, or amended complaint, upon an anonymous defendant.

Accordingly, the unidentified members of the ADOC's Central Office Hepatitis C Committee will be dismissed for failure to state a claim upon which relief may be granted.

**B.    ADOC**

Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).

Accordingly, as an arm of the State, the ADOC is not a proper Defendant and will be dismissed from this action for failure to state a claim upon which relief may be granted.

**V.    Claim for Which an Answer Will be Required**

In Count I, Plaintiff claims that his Eighth Amendment rights are being violated by Defendant Michael Adu-Tutu's authorization of a clinical practice policy that denies essential health care to Plaintiff and others suffering from Hepatitis C. Plaintiff alleges that the policy is "unconstitutional and does not accurately reflect the applicable standard of care within the community." Plaintiff further alleges that Defendant Adu-Tutu had the "opportunity to review Plaintiff's need for treatment based on community standards, but declined to do so." Plaintiff also alleges that "[u]nder the policy, inmates who are at Stage (0) and (1) fibrous (Plaintiff is at Stage 1) will not be treated." Plaintiff asserts that "[r]efusing to provide essential Hepatitis C antiviral therapy has promoted further liver damage and decreased the probability of sustaining a successful treatment response."

Liberally construed, Plaintiff has stated an Eighth Amendment medical care claim in Count I against Defendant Adu-Tutu. Accordingly, the Court will require Defendant Michael Adu-Tutu to answer the Complaint.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is **not assessed** an initial partial filing fee.

(3) Defendants ADOC and Members of the ADOC's Central Office Hepatitis C Committee are **dismissed** from this action for failure to state a claim upon which relief may be granted.

(4) Defendant Michael Adu-Tutu **must answer** the Complaint (Doc. 1).

(5) The Clerk of Court **must send** to Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Michael Adu-Tutu.

(6) Plaintiff **must complete**[1] **and return** the service packet to the Clerk of Court within **21 days** of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant Adu-Tutu within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal **must retain** the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendant Michael Adu-Tutu of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

---

[1]If a Defendant is an officer or employee of the ADOC, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the ADOC unless the officer or employee works there.

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant Michael Adu-Tutu **must answer** the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) This matter is **referred** to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 13th day of April, 2011.

David G. Campbell
United States District Judge