JWB

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Joshua DeRoche,                    )   No. CV 11-0302-PHX-DGC (JRI)
                                   )
            Plaintiff,             )   **ORDER**
                                   )
vs.                                )
                                   )
Michael Adu-Tutu, et al.,          )
                                   )
            Defendants.            )
                                   )
_____)

Plaintiff Joshua DeRoche brought this civil rights action under 42 U.S.C. § 1983 against Arizona Department of Corrections (ADC) Division Administrator Michael Adu-Tutu (Doc. 1).  Before the Court is Plaintiff's Motion for Preliminary Injunction, which Defendant opposes (Docs. 10, 19).  The Court will deny the motion.

**I.      Background and Plaintiff's Motion**

Plaintiff's claim arose during his confinement at the Arizona State Prison Complex (ASPC)-Lewis Unit (Doc. 1).  Plaintiff alleges his liver fibrosis is currently at Stage 1 and that Defendant created a policy that denies Hepatitis C treatment to individuals whose fibrosis is at Stage 0 or 1 (id. at 3).  Plaintiff maintains that this policy is not consistent with the applicable standard of care for Hepatitis C treatment and, consequently, Defendant's failure to provide necessary treatment for Plaintiff's illness is deliberately indifferent to his serious medical needs (id. at 3D).  The Court directed Defendant to answer the claim against him (Doc. 5).

Plaintiff moves for injunctive relief, arguing that he is generally in poor health and requires follow-up testing for a variety of abnormal test results (Doc. 10). Plaintiff further alleges that it is common for inmates to wait for months to be seen by a healthcare provider, only to encounter additional delays in scheduling a consultation with a specialist (id. at 2). Plaintiff cites the following abnormal lab test results as being indicative of a "potentially serious condition": atypical lymphocytes (white blood cells) on April 5, 2010; low creating phosphokinase on December 13, 2006; positive for antinuclear antibodies on March 21, 2003; high iron levels on June 13, 2011, March 8, 2010, and July 17, 2007; low blood glucose levels on April 5, 2010, March 1, 2007, and January 22, 2003; and high levels of carbon dioxide in the blood on April 5, 2010, December 27, 2006, March 7, 2003, and November 13, 2002 (id. at 2-5).

Plaintiff also describes the symptoms he has been experiencing: neurologic disturbance; impaired circulation; numbness and loss of feeling in limbs; frequent and severe headaches; lightheadedness; arrhythmia; chest pain; and small, subcutaneous red spots on arms and abdomen (id. at 6). Finally, Plaintiff recounts the medical treatment he has received. Specifically, he states that he has been provided with effective medication to control acid reflux, lab work has been taken, and an electrocardiogram and chest x-ray have ruled out cardiac arrest (id.).

Defendant responds that Plaintiff's request for injunctive relief must be denied because it is unrelated to his underlying claim—denial of treatment for Hepatitis C (Doc. 19). Further, Defendants introduce the declaration of ADC Medical Program Manager Dr. Richard Rowe (id., Ex. A, Rowe Decl.). Rowe explains that none of Plaintiff's "abnormal" test results are indicative of serious medical problems requiring follow up and, in any event, his most recent blood work was normal (id. at ¶¶ 3-9, Ex. 2). Plaintiff did not file a reply.

### III. Preliminary Injunction Legal Standard

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."

1   Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A.

2   Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).  An

3   injunction may be granted only where the movant shows that "he is likely to succeed on the

4   merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

5   the balance of equities tips in his favor, and that an injunction is in the public interest."

6   Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374, 376 (2008); Am. Trucking

7   Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  The movant has the

8   burden of proof on each element of the test.  Environmental Council of Sacramento v. Slater,

9   184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).  There is a heightened burden where a plaintiff

10   seeks a mandatory preliminary injunction, which should not be granted "unless the facts and

11   law clearly favor the plaintiff."  Comm. of Cent. Am. Refugees v. I.N.S., 795 F.2d 1434,

12   1441 (9th Cir. 1986) (citation omitted).  A Request for a TRO is governed by the same

13   general standards that govern the issuance of a preliminary injunction.  See New Motor

14   Vehicle Bd. V. Orrin W. Fox. Co., 434 U.S. 1345, 1347 n. 2 (1977); Los Angeles Unified

15   Sch. Dist. V. U.S. Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1982).

16        Under the "serious questions" version of the sliding-scale test, a preliminary

17   injunction is appropriate when a plaintiff demonstrates that "serious questions going to the

18   merits were raised and the balance of hardships tips sharply in [plaintiff's] favor."  Alliance

19   for the Wild Rockies v. Cottrell, 632 F. 3d 1127, 1134-35 (9th Cir. 2011) (citing Lands

20   Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)).  This approach requires

21   that the elements of the preliminary injunction test be balanced, so that a stronger showing

22   of one element may offset a weaker showing of another.  "'[S]erious questions going to the

23   merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance

24   of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of

25   irreparable injury and that the injunction is in the public interest."  Id. at 1135.

26        The Prison Litigation Reform Act (PLRA) imposes additional requirements on

27   prisoner litigants who seek preliminary injunctive relief against prison officials.

28

1  "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to

2  correct the harm the court finds requires preliminary relief, and be the least intrusive means

3  necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  Thus, § 3626(a)(2) limits the

4  court's power to grant preliminary injunctive relief to inmates; "no longer may courts grant

5  or approve relief that binds prison administrators to do more than the constitutional

6  minimum."  Gilmore v. People of the State of Cal., 220 F.3d 987, 999 (9th Cir. 2000).

7  **IV.    Analysis**

8      The Court finds that injunctive relief is inappropriate for the following reasons.  First,

9  as Defendants argue, Plaintiff's request is unrelated to the merits of his underlying deliberate

10  indifference claim.  While both relate to medical care, Plaintiff's instant motion seeks

11  treatment for varied and vague medical problems that bear no relation to his claim for lack

12  of treatment for Hepatitis C.  "A district court should not issue an injunction when the

13  injunction in question is not of the same character, and deals with a matter lying wholly

14  outside the issues in suit."  Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (per

15  curiam), amended, 131 F.3d 950 (11th Cir. 1997) (per curiam).  A party seeking preliminary

16  injunctive relief "must necessarily establish a relationship between the injury claimed in the

17  motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470, 471

18  (8th Cir. 1994) (per curiam) (Eighth Amendment claim cannot provide basis for preliminary

19  injunction against alleged acts in retaliation for filing claim).  There is simply no connection

20  between Plaintiff's Hepatitis C claim and his request for injunctive relief.  For this reason

21  alone, Plaintiff is not entitled to injunctive relief.

22      But even if the Court were to consider the substance of Plaintiff's request, he still

23  would not be entitled to injunctive relief.  Plaintiff fails to discuss any of the requirements

24  for a preliminary injunction, much less demonstrate that injunctive relief is appropriate.

25  Most importantly, Plaintiff does not establish that he is likely to suffer irreparable harm

26  absent an injunction.  To meet the "irreparable harm" requirement, Plaintiff must do more

27  than simply allege imminent harm; he must demonstrate it.  Caribbean Marine Servs. Co.,

28

- 4 -

1   Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).  This requires Plaintiff to demonstrate

2   by specific facts that there is a credible threat of immediate and irreparable harm.

3   Fed. R. Civ. P. 65(b).  Mere "[s]peculative injury does not constitute irreparable injury

4   sufficient to warrant granting a preliminary injunction." Caribbean Marine, 844 F.2d at 674.

5          Here, Plaintiff's complaints relate to blood tests spanning several years.  Even if some

6   of Plaintiff's lab tests showed abnormal results, there is no evidence that he faces immediate

7   irreparable injury absent injunctive relief.  Further, in failing to file a reply, Plaintiff does not

8   dispute Dr. Rowe's declaration, wherein he explains that none of Plaintiff's abnormal lab

9   tests indicate a potentially serious condition and reports that Plaintiff's most recent lab work

10  was normal.  Finally, Plaintiff acknowledges in his motion that he has been given medication,

11  further lab work, and undergone cardiac testing.  This alone precludes a finding of deliberate

12  indifference.

13         For all these reasons, Plaintiff is not entitled to injunctive relief.  The Court will

14  dismiss the motion without prejudice.

15         **IT IS ORDERED that** the reference to the Magistrate Judge is **withdrawn** as to

16  Plaintiff's Motion for Preliminary Injunction and it is **denied** (Doc. 10).

17         DATED this 18th day of October, 2011.

18

19

20  _____

21                    David G. Campbell
                  United States District Judge
22

23

24

25

26

27

28